Martin J.
I concur in the opinion which judge Mathews has prepared in this case.
Mathews, J.
The plaintiff claims a tract of land at the mouth of the bayou Castor, of twelve arpents in front, with the usual depth, to run with the bayou Jean de Jean. He *290 founds his title on a requete in the French language, addressed to the proper authority of the French government, while it exercised jurisdiction over the province of Louisiana, an order of survey, and the confirmation of the land commissioners of the united states.
West'n District.
Sept. 1821.
His title is opposed on two grounds:—
1. That the land claimed, if it were located properly, according to the requete, would not interfere with the land occupied by the defendants; and that being in possession, they ought not to be disturbed, as the plaintiff's title does not cover the land in dispute.
2. That admitting the plaintiff’s claim to be properly located, they have a better title than him, founded on possession and prescription.
In determining on the propriety of the plaintiff's location, it is necessary to attend particularly to the contents of his requete. He there states, that he is desirous of forming his establishment on the bayou Castor, and prays for twelve arpents in front, at its mouth, running on the bayou Jean de Jean, with the ordinary depth. These calls have been considered by the commissioners, and the surveyor of the united states, as giving to the claim *291 ant his front of twelve arpents on the bayou Castor, and to run with or on the bayou Jean de Jean, for the ordinary depth of forty arpents I do not profess to have much knowlege of the language in which the requete is written, as to the force and effect of its idioms or phraseology. In translating the expressions literally into English, although there is some ambiguity as to the location of the front of the plaintiff's land, I am of opinion, they have been well construed by the commissioners and surveyor, in adopting the meaning above cited, which seems to be conformable to the intentions of the applicant. The evidence of title has been viewed in the same light by the court a quo, and I do not believe it erroneous.
In relation to the title set up on the part of the defendants, by prescription, as they have not been in possession under their purchase, made in 1809, a sufficient length of time to give them a prescriptive right, they claim the privilege which the law allows in certain cases, of uniting their own possession with that of their predecessor. Being possessors, â titre singulier, as expressed by Pothier in his Traité de la possession et prescription, three things *292 must concur, in order that they may unite the possession of their predecessor to their own:—1. He must have possessed in good faith and under colour of title. 2. It must be continued, and without interruption. 3. It must be that which the possessor had at the moment of the tradition.
Wilson for the plaintiff, Bullard for the defendants.
The defendants have failed to bring themselves within either of those rules.
The possession of Procella, under whom they claim, in virtue of a sale made by the parish judge in 1809, cannot avail them, because he had previously sold and delivered a tract of eight arpents in front, part of which is the land in dispute, to one M'Lauchlin, who held it for some time; and it does not appear that Procella was ever afterwards in possession; but admitting that the latter held possession, at the time of the transfer to the defendant, no title whatever is shewn in him. I conclude, that they have failed to establish a title by prescription.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, be affirmed with costs.